IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SEAN SCHNEINDER and
GARY ZIELKE                                                                    PLAINTIFFS

vs.                              Case No. 5:14-CV-5230 TLB

HABITAT FOR HUMANITY INTERNATIONAL, INC., and
HABITAT FOR HUMANITY OF BENTON COUNTY, INC.            DEFENDANTS

## BRIEF IN SUPPORT OF
## JOINT MOTION TO STAY RULE 26(f) CONFERENCE AND REPORT DEADLINES

Plaintiffs Sean Schneinder and Gary Zielke (collectively "Plaintiffs") and Defendants Habitat for Humanity International, Inc. and Habitat for Humanity of Benton County, Inc. (collectively "Defendants") (collectively "the Parties") submit the following Brief in Support of their Motion to Stay Rule 26(f) Conference and Report Deadlines.

### I. BACKGROUND

Plaintiffs filed their First Amended Complaint on August 11, 2014 (Doc. No. 5), alleging generally that Defendants violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") by failing to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week. On October 10, 2014, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing, among other things, that Plaintiff failed to plead sufficient facts to satisfy the pleading standards articulated in *Twombly* and *Iqbal*. (Doc. No. 12). On October 16, 2014, the Court entered an Initial Scheduling Order, setting the Rule 26(f) conference deadline for November 19 and the Rule 26(f) report deadline for December 3. (Doc. No. 14). Plaintiffs filed a response in opposition to Defendants' motion on October 27, 2014 (Doc. No. 15), and Defendants filed their reply in support of their motion on November 4, 2014 (Doc. No. 17). The

Parties currently await a ruling from the Court on whether Plaintiffs can proceed with their claims against one or both Defendants. Since completing the briefing on Defendants' Motion to Dismiss, the Parties have agreed to participate in an early mediation in an effort to resolve this case and are presently working to schedule the mediation.

## II. AUTHORITIES AND ANALYSIS

The decision to issue a stay rests within the sound discretion of the Court. *See, e.g., Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir. 2008) (stating that the District Court did not abuse its discretion in granting a stay of discovery after the defendants sought dismissal under Rule 12(b)(2) for lack of personal jurisdiction); *see also Mitsubishi Heavy Indus. v. General Elec. Co.*, 720 F. Supp. 2d 1061, 1068 (W.D. Ark. 2010) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

> It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions. Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.

*Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Nothing that [the plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action."). Courts routinely grant stays when a pending motion to dismiss would resolve all issues in the case. *See Patterson v. United States Postal Service*, 901 F.2d 927 (11th Cir. 1990)

(holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact); *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting a stay to avoid "unnecessarily drain[ing] the parties' resources" while a motion to dismiss was pending, and stating that "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1 (D.D.C. 2001); *Wyers Prods. Group v. Cequent Performance Prods.*, No. 12-cv-02640-REB-KMT, 2013 U.S. Dist. LEXIS 80433 (D. Colo. June 7, 2013) (granting a stay pending resolution of motion to dismiss for lack of subject matter jurisdiction).

In their Complaint, Plaintiffs assert claims against both Defendants under the FLSA and the AMWA. Defendants contend that Plaintiffs have failed to state a claim upon which relief can be granted and have moved for dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A ruling on Defendants' Motion to Dismiss could therefore dispose of all of Plaintiffs' claims, rendering the time consuming and expensive discovery efforts that invariably occur in an FLSA case unnecessary. Even if the Court does not dismiss Plaintiffs' claims outright, a ruling on Defendants' Motion to Dismiss could narrow the claims in this case, identify which Defendants are properly before the Court, and provide both parties with clarity on the proper scope of the litigation so as to avoid unnecessary discovery efforts. Moreover, Plaintiffs will not be prejudiced, as they have no discovery matters outstanding. In addition, the arguments raised in Defendants' Motion to Dismiss and Plaintiffs' response are straightforward, and no amount of additional discovery would alter the outcome of the motion. But, more importantly, the Parties have agreed to pursue early mediation in an effort to resolve Plaintiffs'

3

claims and avoid costly and time-consuming litigation and are currently working together to schedule said mediation.

In the interest of convenience and justice, the Parties' resources and this Court's resources would be better served by foregoing any discovery planning or initial discovery until after the Court rules on the pending motion. *See generally Fullington v. Pfizer, Inc.*, No. 4:10CV00236 JLH, 2011 U.S. Dist. LEXIS 22170, at *2-3 (E.D. Ark. Feb. 18, 2011) (staying case pending decision from U.S. Supreme Court that would address preemption issue that could dispose of case, stating "[a] court may stay an action to maximize the effective use of judicial resources . . ." and finding stay "warranted by considerations of judicial economy and avoidance of unnecessary legal expense"); *Spencer Trask Software & Info. Servs.,* 206 F.R.D. at 367 (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."); *see also Cherepski v. Apple Inc.*, No. 4:13-CV-00433-KGB (E.D. Ark. April 23, 2014) (Doc. No. 22) (staying all deadlines in Final Scheduling Order pending decision on motion to dismiss); *Venegas v. Murray Drywall and Insulation of Texas, Inc.*, Case No. 3:13-CV-00036-SWW (E.D. Ark. May 17, 2013) (Doc. No. 27) (staying Rule 26 deadlines pending decision on motion to dismiss).

Further, the Parties' agreement to pursue early mediation indicates a stay is appropriate. Courts routinely temporarily stay a case so that the parties can participate in meaningful mediation, to save precious judicial resources and the resources of the parties on needless litigation. *Ramsey v. Conseco Life Ins. Co.*, Case No. 4:12-CV-424 JLH (E.D. Ark. July 20, 2012) (Doc. No 8) (authorizing stay pending outcome of mediation based upon stipulation of the

parties); *Argenyi v. Creighton Univ.*, Case No. 8:09CV341, 2010 U.S. Dist. LEXIS 111371 (D. Neb. Oct. 5, 2010) (authorizing stay pending mediation based upon joint motion); *Webb v. City of Omaha*, Case No. 8:06CV757, 2008 U.S. Dist. LEXIS 69352 (D. Neb. July 18, 2008) (staying case pending mediation or settlement); *Steak N Shake Co. v. Burger King Corp.*, 323 F. Supp. 2d 983, 996 (E.D. Mo. 2004) (staying all motion practice and discovery in case pending completion of mediation). If the mediation is successful, the parties would avoid the significant cost of discovery that would be rendered moot by an early resolution of the case.

### III.  CONCLUSION

The Parties therefore respectfully request that the Court stay the Rule 26(f) conference and report deadlines until 14 days after it rules on Defendants' Motion to Dismiss.

| | |
|---|---|
| /s/ Josh Sanford | /s/ Eva C. Madison |
| Josh Sanford (2001037) | Eva C. Madison (98183) |
| Anna Stiritz (92052) | Kim Flanery Coats (96267) |
| Sanford Law Firm, PLLC | Littler Mendelson, P.C. |
| One Financial Center | 217 E. Dickson St., Suite 204 |
| 650 S. Shackleford, Suite 400 | Fayetteville, AR 72701 |
| Little Rock, AR 72211 | Telephone: 479.582.6100 |
| Telephone: 501.221.0088 | Fax: 479.582.6111 |
| Fax: 888.787.2040 | emadison@littler.com |
| josh@sanfordlawfirm.com | kcoats@littler.com |
| anna@sanfordlawfirm.com | |
| | Attorneys for Defendants |
| Attorneys for Plaintiffs | |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Josh Sanford – josh@sanfordlawfirm.com
    Anna Stiritz – anna@sanfordlawfirm.com
    Sanford Law Firm, PLLC
    One Financial Center
    650 S. Shackleford, Suite 400
    Little Rock, AR 72211


                                                /s/ Eva C. Madison