IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SEAN SCHNEIDER and
GARY ZIELKE                                                                                          PLAINTIFFS

V.                              CASE NO. 5:14-CV-5230

HABITAT FOR HUMANITY INTERNATIONAL, INC., and
HABITAT FOR HUMANITY OF BENTON COUNTY, INC.                        DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the parties' Joint Motion to Review FLSA Settlement *in Camera*, if Necessary, Approve Settlement, and Dismiss with Prejudice (Doc. 23), and Brief in Support (Doc. 24). After reviewing the parties' filings and relevant authorities, the Court has determined that the Joint Motion should be **DENIED** for the reasons set forth below.

On July 21, 2014, Plaintiff Sean Schneider filed his Original Complaint (Doc. 1), alleging that he was an employee of Defendants Habitat for Humanity International, Inc. and Habitat for Humanity of Benton County, Inc., and that Defendants failed to pay him one and a half times his regular rate for all time that he worked for them in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA") as codified at 29 U.S.C. § 207. The Original Complaint alleged that the same misconduct on the part of Defendants also violated the Arkansas Minimum Wage Act. On August 11, 2014, Plaintiffs Schneider and Gary Zielke filed their First Amended Complaint (Doc. 5) against Defendants. The July 21 and August 11 complaints were substantially identical in their

1

allegations of misconduct, except that the latter added Plaintiff Zielke. Neither complaint alleged a collective action on behalf of any similarly situated individuals.

On January 9, 2015, the parties filed their Joint Motion to Review FLSA Settlement *in Camera*, if Necessary, Approve Settlement, and Dismiss with Prejudice (Doc. 23), and Brief in Support (Doc. 24). The parties argue in their Joint Motion that the Court should "determine the Parties' private settlement agreement does not need court approval" in the first place. (Doc. 24, p. 5). Alternatively, the parties argue that if the Court determines its approval is necessary, then the Court's review should be performed *in camera* and the settlement agreement should be filed under seal.

The United States Supreme Court has held that in the absence of a bona fide dispute, a party may not waive his rights under the FLSA to minimum wages, overtime wages, or liquidated damages. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Statutory rights conferred on private parties cannot be waived if those rights affect the public interest and if their waiver would contravene the statutory policy. *Id.* at 704. As the *Brooklyn* Court explained, Congress intended for the FLSA "to protect certain groups of the population from substandard wages and excessive hours" by remedying "the unequal bargaining power as between employer and employee." *Id.* at 706. Permitting private parties to waive the aforementioned rights in the absence of a bona fide dispute "would nullify the purposes of the [FLSA]." *See id.* at 707.

The following year, the United States Supreme Court held that, for the same reasons as were set forth in *Brooklyn*, a party also may not waive its right to bring suit to enforce these rights even in settlement of a bona fide dispute over coverage under the FLSA. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946). The *Schulte* Court

acknowledged "that numerous compromise settlements have been made for less than full liability" in the form of stipulated judgments in lawsuits brought under the FLSA. *See id.* at 113 & n.8. The *Schulte* Court distinguished such settlements, reasoning that "[e]ven though stipulated judgments may be obtained . . . by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and *submitting the judgment to judicial scrutiny* may differentiate stipulated judgments from compromises by the parties." *Id.* at 113, n.8 (emphasis added). The Court emphasized, however, that its theorizing on the matter of stipulated judgments was merely dicta because "no judgment was entered" in the case that was before it in *Schulte*. *See id.*

Thirty-six years later, the Eleventh Circuit held that settlement agreements waiving FLSA rights were unenforceable when they were neither entered as a stipulated judgment in an action brought against an employer by its employees nor negotiated or supervised by the Department of Labor ("DOL"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The *Lynn* Court cited *Schulte* for the proposition that "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* However, as in *Schulte*, the *Lynn* Court was not actually presented with the question of whether settlement in the context of an FLSA lawsuit *requires* approval by the forum district court. The *Lynn* Court wrote:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an

3

> employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.

*Id.* at 1354 (internal note omitted).

At a minimum, the *Lynn* Court certainly seems to have assumed that parties to FLSA lawsuits will, as a matter of course, submit proposed settlements of those lawsuits to district courts for "reasonableness" reviews. And there can be no doubt that the reasoning articulated in the above passage has persuaded countless district courts from around the country to require that *all* such settlements be approved by the court and publicly filed before being given effect. *See, e.g.*, *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011) (collecting cases). However, the Fifth Circuit has enforced FLSA settlement agreements that were privately negotiated without the approval of a district court or the DOL when the circumstances attendant to those agreements' negotiation ensured that they furthered the policy goals set forth in the *Lynn* passage above. *See Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 at n.10 (5th Cir. 2012) ("Here, by contrast [with *Lynn*], Appellants [employees] were already benefitting from legal counsel before the Settlement Agreement was signed . . . . In fact, Appellants knew about their rights under the FLSA and had retained attorneys at least by . . . the date that Appellants' attorneys signed their first amended complaint . . . ."); *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976) ("Although no court ever approved this settlement agreement, the same reason for enforcing a court-approved agreement [as set forth in *Schulte*'s dictum], i.e., little danger of employees being disadvantaged by

unequal bargaining power applies here. . . . There is no problem of disproportionate bargaining power when a settlement gives employees everything to which they are entitled under the FLSA at the time the agreement is reached.").

Unfortunately, this Court is not aware of any Eighth Circuit precedent that addresses the issues raised in the instant Joint Motion. However, this Court believes that the risk is minimal that an unreasonable settlement will result from "unequal bargaining power as between employer and employee" in FLSA lawsuits where each of the following three criteria is met: (1) the lawsuit is not a collective action; (2) all individual plaintiffs were represented by an attorney from the time of the filing of the complaint through the conclusion of subsequent settlement negotiations; and (3) all parties have indicated to the Court in writing through their attorneys that they wish for their settlement agreement to remain private and that they do not wish for any reasonableness review of their settlement to occur. In such cases, this Court does not believe any reasonableness review or public filing of an FLSA settlement is necessary. The Court finds that each of these requirements is met in the instant case.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Review FLSA Settlement *in Camera*, if Necessary, Approve Settlement, and Dismiss with Prejudice (Doc. 23) is **DENIED**. The parties may instead file a joint stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii).

**IT IS SO ORDERED** this 5th day of February, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

5